```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL        :
ELECTRICAL BENEFIT FUND
                                :

     v.                         :   Civil Action No. DKC 23-1327

                                :
BOSCAR ELECTRIC CO., INC.
                                :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action arising under the Employee Retirement Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") is Plaintiffs' motion for default judgment. (ECF No. 9). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be granted, and Defendant will be ordered to submit to an audit.

## I. Background

Plaintiffs are trustees of a multi-employer pension plan, the National Electrical Benefit Fund ("NEBF"). Plaintiffs are fiduciaries to NEBF and authorized to file this action under 29 U.S.C. § 1132(a)(3). Plaintiffs are an employee benefit plan within the meaning of § 3(2) of ERISA. *See* 29 U.S.C. § 1002(2). Defendant Boscar Electric Co., Inc. is an employer engaged in an industry affecting commerce under ERISA. *See* 29 U.S.C. §§

1002(5).  NEBF was established and is maintained by an agreement between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA").  Defendant entered into a collective bargaining agreement with the Finger Lakes New York Chapter NECA and is obligated to submit contributions to NEBF on April 12, 2016. (ECF No. 9-5).

Plaintiffs filed a complaint on behalf of NEBF on May 19, 2023, alleging that Defendant breached the collective bargaining agreement by failing to contribute to NEBF three percent of the gross payroll paid to employees in the bargaining unit, as well as seeking liquidated damages and interest for late payments, and attorneys' fees and costs.  Plaintiffs state that they were made aware that $1,612.63 in contributions were due after an audit of Defendant's books and records for the years 2016 through 2019.

Plaintiffs served the summons and complaint on Defendant on July 17, 2023.  When Defendant failed to respond within the requisite time period, Plaintiffs moved for the entry of default.  The clerk entered default against Defendant on August 10, 2023.  (ECF Nos. 6, 7).  Plaintiffs filed the subject motion for entry of default judgment on September 26, 2023. (ECF No. 9).

2

Plaintiffs seek default judgment in the amount of $5,414.38 which consists of $1,612.63 in contributions, liquidated damages of $322.54, interest at the time the motion was filed of $1,200.01, audit fees of $928, costs of $552, and attorneys' fees of $799.20.  (ECF No. 9).  Additionally, Plaintiffs move for an order directing Defendant to submit to an audit of its wage and payroll records for the years 2020 and 2021.

## II.  Standard of Review

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2).  A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002); *Lipenga v. Kambalame*, 219 F. Supp. 3d 517 (D.Md. 2016).  The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*,

11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, see *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. The court first determines whether the unchallenged factual allegations constitute a legitimate cause of action, and, if liability is established, the court then makes an independent determination of damages. Fed. R. Civ. P. 55(a). While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

**III. Analysis**

Assuming the truth of the well-pleaded allegations of the complaint, as the court must upon entry of default, Plaintiffs have established a violation under ERISA.  Section 502(a)(3) authorizes Plaintiffs to enforce the provisions of the trust agreements.  *See* 29 U.S.C. § 1132(a)(3) (providing that a civil action may be brought:  "(A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any . . . terms of the plan").  According to the complaint, Defendant is a signatory to the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund and is, therefore, obligated to comply with the terms of the Agreement, which includes the requirement to submit to an audit at the request of the Funds' trustees.  Based on these undisputed allegations, Plaintiffs have stated a sufficient claim for relief under ERISA.  *See La Barbera v. Fed. Metal & Glass Corp.*, 666 F.Supp.2d 341, 348 (E.D.N.Y. 2009) (entering default judgment in favor of trustees where the complaint alleged that an employer refused to submit an audit despite being contractually bound to do so by a CBA and trust agreement); *see also National Elec. Ben. Fund v. AC-DC Elec.*,

5

*Inc.*, Civ. No. DKC 11-0893, 2011 WL 6153022 (D.Md. Dec. 9, 2011).

ERISA authorizes courts to grant "equitable relief as . . . appropriate" where a plaintiff brings a successful action to enforce its requirements.  *See* 29 U.S.C. § 1132(g)(2)(E); *see also La Barbera*, 666 F.Supp.2d at 350.  "Such relief may include an injunction ordering the defendant to submit to an audit." *Int'l Painters & Allied Trades Indus. Pension Fund v. Exec. Painting, Inc.*, 719 F.Supp.2d 45, 52 (D.D.C. 2010).  Indeed, pursuant to ERISA, benefit plan trustees have the right to review the records of employers contributing to the plans.  *Id*. (citing *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 581 (1985)).

Because ERISA authorizes injunctive relief as a possible remedy, an injunction requiring Defendant to submit to an audit is warranted as long as Plaintiffs establish the prerequisites for an injunction – namely, a showing of irreparable harm and the absence of an adequate legal remedy.  *La Barbera*, 666 F.Supp.2d at 350-51.

Plaintiffs have not explicitly asserted that there is no adequate remedy at law or that irreparable harm will result if injunctive relief is not granted; however, the record clearly reflects that these elements are present.  Specifically, if an

6

audit is not permitted, Plaintiffs will have no means of ensuring Defendant's compliance with the terms of the Agreement, nor will they be able to collect any amounts to which they may be entitled. Accordingly, Plaintiffs are entitled to conduct an audit and Defendant will be directed to produce any records requested by Plaintiffs' auditor within thirty (30) days. Should the audit reveal unpaid or delinquent contributions, Plaintiffs may petition the court, with proper evidentiary support, requesting appropriate relief, including reimbursement of the audit fee and attorneys' fees and costs associated with the litigation.

    **A.**   **Unpaid Contributions**

The complaint and motion for default judgment demands payment to Plaintiffs of $1,612.63 in contributions. Plaintiffs support their request with a copy of the audit report finding said amount as due for the period April 1, 2016, through December 31, 2019. (ECF No. 9-7). Plaintiffs made demands for the delinquent contributions found owing after the audit, but Defendant has not responded. (ECF No. 9-4, at 2). The record supports the Plaintiffs' demand for $1,612.63 in unpaid contributions.

    **B.**   **Liquidated Damages, Interest, and Cost of Audit**

Plaintiffs have attached a spreadsheet with calculations of liquidated damages at twenty percent (20%) and interest at ten percent (10%) compounded monthly as provided for in the Agreement. (ECF No. 9-8).

Plaintiffs seek $322.54[1] in liquidated damages and $1,200.01 in interest assessed through September 30, 2023, on late contributions. Plaintiffs also seek $928 for the cost of the audit.

The Agreement between the parties obligates Defendant to pay all costs of any audit, twenty percent (20%) as liquidated damages, and ten percent (10%) interest compounded monthly throughout the period of delinquency. (ECF No. 9-6 at 7).

Liquidated damages of $322.53 and interest of $1,200.01 assessed through September 30, 2023, on late contributions, along with the cost of the audit of $928 are supported by the record and will be awarded.

C.  **Attorneys' Fees**

Plaintiffs seek $799.20 in attorneys' fees. In support of this request, Plaintiffs submit a Declaration of Attorney's Fees and a spreadsheet of the hours billed by Plaintiff's counsel. (ECF No. 9-1). The spreadsheet shows that the firm spent 3.6

---

[1] The court calculates liquidated damages to be $322.53 ($1,612.63 unpaid contributions x 20%).

hours on this case on behalf of the Plaintiffs. Jennifer Hawkins, a licensed attorney since 1994, charged $392 per hour and Peter Tkach, an member of this bar since May, 2023, charged $188 an hour for attorney time. The sum requested is supported by the record and Plaintiffs will be awarded $799.20 for attorneys' fees.

### D. Costs

Plaintiffs seek $550[2] in costs. In support of this request, Plaintiffs recite that in addition to the $402 filing fee to commence this action, $150 was spent for service of process on Defendant (ECF No. 9-1 at 3, 9-3). The record supports the award of costs in the amount of $552.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for the entry of default judgment will be granted, and Defendant will be ordered to submit to an audit. A separate order will follow.

                                        /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

---

[2] Although the motion for default judgment requests $550 in costs, the court calculates the sum of the $402 filing fee and $150 service fee to be $552 and will award that amount.